## INJUNCTION SECURED BY A BIDDER AGAINST ACCEPTANCE OF HIS BID.

Common Pleas Court of Hamilton County.

THE FERRO CONCRETE CONSTRUCTION COMPANY v. THE BOARD OF EDUCATION OF CINCINNATI.

Decided, February 7, 1911.

*Bids and Bidding—Right of a Bidder to Relief When He Finds He Has Made a Serious Mistake in His Figures—Contracts—Rescission—Injunction.*

Where a *bona fide* bidder for public work in good faith submits a bid which is based on a mistake in measurements which would involve him in serious financial loss were he to do the work for the amount named, the minds of the parties have not met, and he can not be compelled to execute the proposed contract, notwithstanding the terms upon which the bid was submitted provided that it should not be withdrawn; and injunction will lie on the petition of the bidder to restrain the board having charge of the contract from accepting the bid and insisting that he execute the contract or subject himself to an action for damages.

*Paxton, Warrington & Seasongood,* for plaintiff.
*Edward M. Ballard,* City Solicitor, contra.

SWING, J.

The plaintiff made a bid to defendant to do certain concrete construction work in the erection of a school building. There were other bids, some fifteen in all. When the bids were opened that of plaintiff was found to be the lowest, twenty-five per cent. below the next higher bid. Plaintiff, upon seeing so great a difference between its bid and the higher bids feared some mistake had been made and reviewed the elements of its bid to ascertain whether any mistake had been made. It discovered a mistake made by its engineer in determining the quantity of material, wood, concrete and steel, in certain columns or pillars in the building. There were a certain number of such columns or pillars to be constructed and he had omitted one half of them in making his calculation of the quantity of material necessary. He calculated the material necessary for the columns in one-half of the building, intending to multiply it by two, which he omitted to do. The specifications were long and somehow in making the calculations, this oversight occurred. The prices were fixed by another officer of the company upon the basis of the engineer's estimate. The mistake amounted to some $6,000, and because of it plaintiff, if compelled to enter into the contract, would not only make no profit but would suffer a substantial loss upon the cost of the work. As soon as the mistake was discovered, and before the bid had been accepted or any action upon it taken by defendant, the plaintiff notified defendant of the mistake and asked leave to withdraw the bid or be relieved from it. The terms upon which the bid was submitted provided that it should not be withdrawn. The defendant has declined to permit plaintiff to withdraw or rescind its bid and is demanding that plaintiff execute a contract in pursuance of its bid or subject itself to an action for damages. Plaintiff prays that defendant be enjoined from declaring plaintiff, who has given bond, in default and from proceeding accordingly.

The facts in this case are clearly and conclusively proved and can not be controverted. The good faith of plaintiff in the matter is unquestioned.

It is claimed by defendant that the provision that the bid shall not be withdrawn is conclusive against the plaintiff; also

that a mistake such as was made in this case does not warrant a withdrawal or rescission or cancellation of the bid. I think the decision of the Supreme Court of the United States in the case of *Moffett et al* v. *Rochester*, 178 U. S., 373, is applicable. That was a case substantially like the present. There it was provided in the charter of the city of Rochester that "neither the principal nor sureties on any bid or bond shall have the right to withdraw or cancel the same until the board shall have let the contract for which such bid is made and the same shall be duly executed."

The court say in the opinion, page 386, that such provision was "perfectly proper," but hold, affirming the decision of the circuit court in the same case, that there was not really an attempt "to withdraw or cancel the bid against the provision of the charter," but that really the so-called bid "was not the complainant's bid," that the proposal read at the meeting of the board was one which the complainant never intended to make and that the minds of the parties never met upon a contract based thereon," and add: "A clerical error was discovered in it and declared, and no question of the error was then made or of the good faith of complainant."

As to the matter of the mistake and the effect of it, the court say, quoting with approval the decision of the circuit court:

"If the defendants are correct in their contention, there is absolutely no redress for a bidder for public work, no matter how aggravated or palpable his blunder. The moment his proposal is opened by the executive board he is held as in a grasp of steel. There is no remedy, no escape. If, through an error of his clerk, he has agreed to do work worth a million dollars for ten dollars, he must be held to the strict letter of his contract while equity stands by with folded hands and sees him driven to bankruptcy. The defendant's position admits of no compromise, no exception, no middle ground."

The Supreme Court then say: "These remarks are so apposite and just it is difficult to add to them." That was a case of "clerical error" made by the plaintiff's engineer as in this case. It is said that the engineer in the Rochester case was pressed for time and "was nervous," which accounted for the mistake, and it is urged that that was an excuse for the mistake in that

case, showing that it was not a case of negligence; and it is claimed that there was some negligence on the part of the engineer in this case. I think the showing of negligence is not stronger in the case before me than in the other. In the Rochester case the plaintiffs had eight days in which to prepare their bid after they received "the forms of the proposals"—ample time. They "bid fifty cents per cubic yard * * * when they intended to bid seventy cents, and one dollar and fifty cents * * * when they intended to bid fifteen dollars." Indeed there seems to me much stronger showing of negligence in the Rochester case than in the present case. Yet the Supreme Court say: "We do not think the negligence was sufficient to preclude a claim for relief if the mistakes justified it."

I think the error in the present case not nearly so palpable and flagrant as in the Rochester case. It was such a mistake or oversight as any competent and careful engineer might some time make while working faithfully and conscientiously.

The Supreme Court of Illinois in the case of *Bromagin & Co.* v. *City of Bloomington,* reported in 84 N. E. Reporter, page 700 (234 Ills., 114), followed the case of *Moffett et al* v. *Rochester.* It is said in the syllabus: "A contractor made a mistake in his bid for the construction of a public improvement submitting an offer for less than the cost of the material." The mistake "consisted in carrying over into the column containing *the price* per foot of 16 inch pipe, the figures representing *the weight* per foot." "*Held,* that the contractor was entitled to be relieved from his bid."

In the case of *City of Cincinnati* v. *United States Fidelity & Guaranty Company,* my colleague, Judge O'Connell, some time since held the law to be as in the case of *Moffett* v. *Rochester, supra,* but without an opinion.

Counsel for defendant has claimed that the case of *Steinmeyer* v. *Schoppel,* 226 Ills., 9, supports his contentions. That case was decided before the case of *Bromagin & Co.* v. *Bloomington.* But I thing it distinguishable. In the Steinmeyer case there was not only a bid but the contract was entered into, signed by the parties. The court made this one of the grounds of the decision, distinguishing it from a case reported in 72 N. E., 154, Appellate Court of Indiana, in which relief was granted,

by saying of that case: "By the terms of the bid it was intended that if the bid was accepted a contract would be made, *but the bid was not the contract* contemplated by the parties *and the bidder never did enter into the contract.*" The court distinguished the Bromagin case from the Steinmeyer case, one distinction being that in the former case "the party to whom the bid was made knew of the mistake at the time the bid was accepted." Notice had been given. The defendant in the present case was also promptly notified of the mistake, "before the bid was accepted." In the Steinmeyer case, as in the Indiana case above mentioned, the contract had been entered into before discovery of the mistake.

Other authorities cited to me by counsel for defendant seem to be distinguishable from the present case, but to discuss them would extend this opinion too far.

It is urged by counsel for defendant that to grant relief in case of mistake such as this, is to set a dangerous precedent which may be taken advantage of by unscrupulous bidders. No imputation is made against the plaintiffs in this case. Their good faith is not questioned. I think such consideration might well weigh with the board of education and incline them to submit any case to the determination of a court of equity upon evidence and with counsel, leaving it to the court to determine the right of the parties and the truth and justice of the case, each case under its own peculiar circumstances; but I do not think the court should hesitate to grant the relief where the facts are clearly proved and the justice of the case is apparent beyond any doubt. I do not think such course calculated to work injury or to encourage the unworthy.

In this case the city can lose nothing. The plaintiffs are willing and should be required to pay the expense of the advertising for bids and also to guarantee the city against loss by having to accept as the lowest bid any bid higher than the bid next above plaintiff's at the former bidding.

Compliance with these conditions will prevent any loss to the defendant and at the same time permit justice to be done to the plaintiff.

I will grant the relief prayed for upon the conditions named.